**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| Jose Nunez,<br><br>　　　　Plaintiff,<br>v.<br><br>Santander Consumer USA d/b/a Chrysler Capital,<br><br>　　　　Defendant. | Court File No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Jose Nunez (hereinafter "Plaintiff"), and for his Complaint against the Defendant, Santander Consumer USA d/b/a Chrysler Capital ("Defendant Chrysler") and states as follows:

## I.   INTRODUCTION

1. Plaintiff brings this Complaint for damages against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA"), which prohibits unfair credit reporting methods, and Defendant Chrysler's violations of the Bankruptcy Discharge Injunction 11 U.S.C. § 524.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, 11 U.S.C. § 524, and 15 U.S.C. § 1681.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and

1

Defendant conduct business in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court,* 2021 WL 1132515 (U.S. March 25, 2021).

## PARTIES

4. Plaintiff, Jose Nunez (hereinafter "Plaintiff"), is a natural person who resides in the City of Port Charlotte, State of Florida, and is a "consumer" or "debtor" as that term is defined by 15 U.S.C. § 1681a(c) and Florida Statutes, Section 559.55(8).

5. Defendant Chrysler is a financial institution that conducts business in the State of Florida. Defendant Chrysler has a principal place of business located at 1601 Elm Street Suite 800 Dallas TX 75201. Defendant Chrysler has an agent of service located at CT Corporation System 1200 South Pine Island Road Plantation, FL 33324. The defendant is a "person" or "creditor" as defined in 15 U.S.C. § 1681a(b) and Florida Statutes, Section 559.55(5) and a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

## FACTUAL ALLEGATIONS

6. Sometime in 2022, Plaintiff incurred a debt with Defendant Chrysler, specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5),

7. Plaintiff, unable to pay his financial obligations, commenced a Chapter 7 Bankruptcy on December 21, 2023, U.S. Bankruptcy Court, District of Florida, Case No. 8:23-bk-05695.

8. According to the United States Bankruptcy Court records on or about December 22, 2023, the Court mailed the notice of Plaintiff's bankruptcy via the Bankruptcy Noticing Center via first-class mail to Defendant Chrysler.

9. On March 26, 2024, the Court discharged the plaintiff's Chapter 7 Bankruptcy, and the Defendant Chrysler received notice of the Discharge Order from the Court.

10. Despite receiving notice from the Bankruptcy Noticing Center, and contrary to the Plaintiff's Bankruptcy filing and discharge of the debt, Defendant Chrysler has continued to report the Plaintiff's discharged account as closed/repossession, and having a balance, in violation of 11 U.S.C. § 524.

11. After completing the bankruptcy process, Plaintiff reviewed his credit reports and discovered Defendant Chrysler's erroneous and adverse credit reporting, specifically continuing to report that he owed a balance in excess of $33,824.

12. On March 25 and March 26 of 2025, Plaintiff submitted dispute letters to Equifax and TransUnion.

13. Defendant Equifax and TransUnion communicated Plaintiff's dispute to Defendant Chrysler in automated consumer dispute verification ("ACDV") forms and copies of the dispute correspondence pursuant to 15 U.S.C. § 1681i(a)(2).

14. To date, Plaintiff has yet to receive a response to the disputes.

15. Defendant Chrysler obviously failed to conduct a reasonable investigation into Plaintiff's disputes, failed to review all relevant information available to it, and failed to update and/or remove the inaccurate account status information, in the alternative,

failed to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Code) to "XB," all in violation of 15 U.S.C. § 1681s-2(b).

35. Defendant' actions against Plaintiff described herein were done knowingly, consciously, deliberately, and willfully, despite Defendant Chrysler having received and documented direct notice of Plaintiff's bankruptcy and disputes.

36. Plaintiff has suffered emotional distress, anxiety, depression, despair, loss of sleep, loss of time, nausea, headaches, and mental anguish as this inaccurate tradeline is impacting his overall credit profile and his ability to obtain credit.

37. Plaintiff has also incurred out-of-pocket losses because of Defendant' inaccurate credit reporting in the form of postage, loss of time in an amount not less than 10 hours at his hourly rate of $35 per hour spent communicating with Defendant, and payment of attorney's fees and costs incurred.

## RESPONDEAT SUPERIOR LIABILITY

43. The acts and omissions of employees and other agents of Defendant who communicated with Plaintiff and/or with the Defendant CRAs were committed within the time and space limits of their agency relationship with their principal, Defendant.

44. The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Chrysler.

45. By committing these acts and omissions against Plaintiff, these agents were motivated to benefit their principal, Defendant Chrysler.

46. Defendant CHRYSLER is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agents, including but not limited to violations of the FCRA.

## STANDING

47. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant; and

    c. and is likely to be redressed by a favorable judicial decision.

    See *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

48. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

49. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

50. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendant' actions negatively impacted Plaintiff's credit.

51. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered worse credit and emotional distress.

*The "Traceable to the Conduct of Defendant's Prong*

52. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of the Defendant.

53. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendant directly, or by Defendant' agents at the direction of Defendant.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

54. The third prong to establish standing at the pleadings phase requires the Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

55. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

56. Furthermore, the award of monetary damages redress the injuries of the past and prevents further injury by Defendant in the future.

57. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## TRIAL BY JURY

58. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq.* – AGAINST DEFENDANT CHRYSLER

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant CHRYSLER violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, failing to review all relevant information available to it and documentation provided by Plaintiff, and failing to update and/or remove the inaccurate tradeline or, in the alternative, to report the account as "disputed" by changing the Metro II CCC (Compliance Condition Codes) Code to "XB."

61. Defendant Chrysler's reporting adversely and/or negatively affected Plaintiff's credit profile.

62. As a result of Defendant CHRYSLER's violations of the FCRA, Plaintiff has suffered actual damages not limited to the detriment of his credit rating, out-of-pocket loss, emotional distress, embarrassment, mental anguish, and anxiety in an amount to be determined at trial.

63. Defendant CHRYSLER's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

64. Alternatively, Defendant CHRYSLER's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

65. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from Defendant CHRYSLER in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## BANKRUPTCY DISCHARGE INJUNCTION VIOLATION – 11 U.S.C. § 524 - AGAINST DEFENDANT CHRYSLER

67. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

68. Defendant CHRYSLER's actions by failing to update the account tradeline to show that the debt was included in a bankruptcy, violated the discharge injunction.

69. Defendant CHRYSLER's actions in continuing to report the debt as past due, having a balance and closed/repossession, despite the debt being included and discharged in Plaintiff's bankruptcy, were willful.

70. In its actions set forth above, Defendant CHRYSLER has violated the discharge injunction provision of the Bankruptcy Code, including but not limited to 11 U.S.C. § 524(a)(2) and § 524(a)(3).

71. The knowing, conscious, deliberate, and willful violations of the discharge injunction by Defendant CHRYSLER are in contempt of the bankruptcy court and are further punishable under Sections 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual and statutory damages against Defendant for their violations of the FCRA pursuant to 15 U.S.C. §§ 1681n, 1681o;
- an award of punitive damages against Defendant for their willful noncompliance with the FCRA and FCCPA pursuant to 15 U.S.C. § 1681n;
- an award of costs and attorney's fees against Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o;
- Find Defendant CHRYSLER in contempt of court for having knowingly, willfully, and deliberately violated the permanent injunction mandate and award Plaintiff actual damages, including attorney's fees and costs, as well as punitive and/or exemplary damages for said willful violations; and
- such other and further relief as the Court may deem just and proper.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Dated: August 27, 2025

Respectfully submitted,

Consumer Law Attorneys
/s/ Young Kim
Young Kim, Esq., FBN 122202
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
litigation@consumerlawattorneys.com
ykim@consumerlawattorneys.com
Counsel for Plaintiff

9

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Jose Nunez, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant named in the Amended Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Jose Nunez